IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DON EVAN NALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-179-Z-BR |
| | § | |
| JEREMY FOWLER, *et al*., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS COMPLAINT

*Pro se* Plaintiff Don Evan Nall filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (ECF 3).

On March 31, 2025, the Court ordered Plaintiff to complete a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976), and return it by May 1, 2025. (ECF 20). In that order, the Court admonished Plaintiff that failure to timely return the completed questionnaire and declaration could result in dismissal of this action. *Id.* Plaintiff did not respond to the order. On May 5, 2025, the Court *sua sponte* extended the Plaintiff's response deadline to June 1, 2025, and again admonished Plaintiff that his failure to respond may and probably will result in dismissal of his complaint for failure to prosecute under FED. R. CIV. P. 41. (ECF 21).

On May 6, 2025, Plaintiff filed a motion to extend his response date by an unspecified amount of time, which the Court denied as moot because it had extended Plaintiff's response date to June 1 in its May 5, 2025, order (one day before his motion to extend was received by the Court). (ECF 23). Plaintiff failed to submit his questionnaire responses by the extended date and has not further contacted the Court about his case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua*

1

*sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* FED. R. CIV. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

Dismissal without prejudice under Rule 41(b) is appropriate here. Nall's failure to comply with the Court's Orders appears to reflect an intent to abandon this lawsuit rather than to create purposeful delay. Regardless, this case cannot proceed without his compliance.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Complaint filed by Don Evan Nall (ECF 3) be DISMISSED without prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 16, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).